**W. E. ROBERTSON, Max Maltzman, Elliott Maltzman and Irving Roston, d/b/a W. E. Robertson Co., Plaintiffs-Appellees,**

**v.**

**NEW AMSTERDAM CASUALTY COMPANY and Star Construction Corporation, Defendants-Appellants.**

**W. E. ROBERTSON, Max Maltzman, Elliott Maltzman and Irving Roston, d/b/a W. E. Robertson Co., Plaintiffs-Cross Appellants,**

**v.**

**NEW AMSTERDAM CASUALTY COMPANY and Star Construction Corporation, Defendants-Cross Appellees.**

**Nos. 15171, 15172.**

United States Court of Appeals Sixth Circuit.

Nov. 20, 1963.

Lively M. Wilson, Louisville, Ky. (Stites, Peabody & Helm, Louisville, Ky., Golenbock & Barrel, New York City, on the brief), for W. E. Robertson and others.

Joseph E. Stopher, Louisville, Ky. (Joseph E. Stopher, A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., Max E. Greenberg, Emanuel Harris, New York City, on the brief), for New Amsterdam Casualty Company, and others.

Before WEICK and PHILLIPS, Circuit Judges, and KALBFLEISCH, District Judge.

PER CURIAM.

This case arises out of the building of a Federal Housing Project at Fort Knox, Kentucky. The prime contractor, a partnership doing business as W. E. Robertson Company (hereinafter referred to as Robertson), brought suit against New Amsterdam Casualty Company, surety on the performance bond of the carpentry subcontractor, Star Construction Corporation (hereinafter referred to as Star). Star was permitted to intervene as a defendant.

Robertson alleged that Star breached its contract by doing work in an improper manner, thereby causing additional expense and delay. Robertson sought to recover $355,061.45 less $54,469.12 admittedly still owing to Star under the contract, or a net amount of $300,592.33. In its intervening petition Star asserted a counterclaim against Robertson totaling $340,997.66.

After trial without a jury the District Court made extensive findings of fact, taking up each of the alleged defects in Star's workmanship and also considering the counterclaim on its merits. These findings resulted in an award to Robertson of $84,285.81 less a credit in favor of Star for $58,892.44, or a judgment for Robertson for $25,393.37.[1] The counterclaim of Star was dismissed with prejudice. Both parties appealed from the judgment.

██ Under Rule 52(a), Federal Rules of Civil Procedure, the findings of fact of a District Court, sitting without a jury, will not be set aside unless clearly erroneous. In this case the District Court considered each of the alleged breaches of contract and made comprehensive findings of fact. The questions which the District Court was called upon to decide were factual in nature. This Court will not overturn the decision of the trial court in resolving these issues of fact unless clearly erroneous. United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746; Jaudon v. Prudential Insurance Company of America, 279 F.2d 730 (C.A.6).

██ We are in accord with the opinion of the District Court as reported in 207 F.Supp. 60. It is our opinion that the findings of fact are not clearly erroneous, but to the contrary are supported by substantial evidence on the record. It follows that the judgment of the District Court should be affirmed. Since the reported decision of the District Court deals with the factual issues in detail, we do not consider it necessary to set forth in this opinion a discussion of the facts.

One contention of Star, however, requires additional comment. The District Court found that Robertson paid $7,066.76 to another company for caulking the joints between the wood and the metal window frames. This work was included in Star's contract, and the court held that Robertson was entitled to recover from Star the amounts paid to the other contractor. 207 F.Supp. at 63.

The record shows that for some unexplained reason Robertson awarded two subcontracts for caulking, one to Star and one to the other company. It is undisputed that the provision for caulking work in Star's contract was a duplication. The record further shows that Robertson called upon Star to do only the caulking of wood against wood, and this was the extent of the caulking work done by Star; and that all caulking of wood against metal was performed by the other contractor. Star contends that since it was not called upon to do any caulking of wood against metal, the District Court erred in awarding a judgment to Robertson for the $7,066.76 paid to the other subcontractor for this service.

Robertson contends that, while it is true that the two contracts were awarded erroneously to cover the caulking work, it does not follow that Star is entitled to take advantage of this error by receiving pay for work which it did not perform.

The contract executed by Star was a lump sum contract. Under its provisions Star was obligated to do all the prescribed work, including the caulking of wood against metal. Perhaps the amount awarded to Robertson would be put in better perspective if viewed as a reduction of the amount due to Star under the contract, rather than as a back-

---

1. After the original judgment the lower Court made amended findings of fact which changed some of the figures involved, and on this basis entered an amended and supplemental judgment. It is these amended figures which we set out above.

charge against Star for the amount paid to the other contractor. The District Court could have reduced the amount owing from Robertson to Star on its contract by $7,066.76, rather than awarding Robertson a judgment for this sum paid to the other contractor. The net result is exactly the same in either view, and we therefore find no error in the judgment of the District Court.

Affirmed.